[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-13890

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT LEESEAN WILLIAMS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:14-cr-00010-RH-MJF-1

————————————

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Williams, proceeding pro se, appeals the district court's denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court did not sufficiently address the arguments in his second motion to allow for meaningful appellate review, when the court's explanation for the denial was that the same reasoning for which it had denied his first motion for compassionate release remained applicable. Because the district court failed to provide sufficient explanation for its decision to allow for meaningful appellate review, we vacate and remand for further proceedings.

## I.

In 2014, Williams pleaded guilty to distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); and possession of child pornography that involved a prepubescent minor and a minor under 12 years old, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). The district court sentenced Williams to two concurrent sentences of 235-months imprisonment.

In July 2020, Williams moved for compassionate release. In his motion, Williams discussed that his health condition, a heart murmur, put him at greater risks for complications from COVID-19 and that he posed a minimal risk to public safety because of his

programming and disciplinary record in the prison. The government opposed, specifically focusing on Williams' lack of medical records to support his arguments and Williams' underlying crime. In September 2020, the district court denied Williams' motion, finding that even if Williams' heart murmur warranted an extraordinary and compelling reason, the court would deny the request anyway as a matter of discretion. Specifically, the district court found that Williams remained a danger to the safety of others and that a reduction of his sentence would not serve the 18 U.S.C. § 3553(a) sentencing purposes. Williams appealed, but the appeal was dismissed for want of prosecution.

In October 2022, Williams moved a second time for compassionate release. In his motion, Williams detailed additional underlying health conditions that warrant a reduction in his sentence. Williams also detailed his rehabilitation while in prison including completing recidivism reduction programs, working with other inmates to help them obtain their GED, teaching financial literacy, and performing community service. Before the government could respond, the district court denied Williams' motion. The district court's order noted that Williams moved for compassionate release and that the district court denied a prior motion for compassionate release as seen in the September 2020 order. The district court then stated, "The same reasoning remains applicable today." Williams timely appealed.

## II.

We review de novo whether a defendant is eligible for an 18 U.S.C. § 3582(c) reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). The First Step Act of 2018[1] amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to file motions for compassionate release on their own behalf. *See* First Step Act § 603. Under the statute, a district court may reduce the term of imprisonment upon motion by a prisoner after considering the factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction, or the prisoner meets certain age and prison time requirements and that a reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

"The 'applicable policy statement[ ]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)

---

[1] First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

(quoting U.S.S.G. § 1B1.13). Thus, under § 3582(c)(1)(A), "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and, as relevant here, (3) doing so wouldn't endanger any person." *Id.* If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

The district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* at 1345 (quoting *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quotation marks omitted). If we cannot discern the basis for the district court's decision from its order, we will vacate the decision and "send the case back to the district court for a more complete explanation." *United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) (quotation marks omitted).

Here, the district court found that the reasoning from its September 2020 order remained applicable to Williams's October motion. But this provides us with little to review. Although we note that the September 2020 order provided its reasons, Williams' second motion for compassionate release included additional information that was not before the district court when it decided the September 2020 order—Williams' other medical ailments and his courses, leadership, and work in prison that could support rehabilitation. The October 2022 order did not acknowledge that

Williams provided more information.[2]   Even if that information ultimately did not affect the district court's decision, we cannot make that determination based on what we have to review.[3]  Because the October 2022 order does not provide sufficient explanation of its reasoning to allow appellate review, we must vacate and remand.  *Stevens*, 997 F.3d at 1317.

**VACATED AND REMANDED.**

---

[2] The district court's order explained in full: "The order of September 15, 2020 denied a prior motion for sentence reduction *on this basis*.  The same reasoning remains applicable today."  (emphasis added).

[3]  Of note, this court has issued several cases—*Bryant*, *Tinker*, and *Giron*, to name a few—concerning how district courts should approach and resolve motions for compassionate release in between the September 2020 and October 2022 orders.  With the district court's short October 2022 order, we have no ability to determine whether the district court correctly applied these intervening cases which were not available to the district court when it decided Williams' first motion for compassionate release.